Lepanto Special School District v. Cone.

Opinion delivered April 23, 1928.

States—validity of appropriation.—Acts 1927, p. 355, · providing that the State Auditor could, upon receipt of certificate· that taxes heretofore or hereafter assessed for support of any special or rural special school district, had been paid erroneously, draw a warrant for the amount to be paid out of the appropriated school fund, *held* void for failure to make a specific appropriation out of which to pay a warrant in accordance with Const. art. 5, § 29, providing that no money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the maximum amount of which shall be specified in dollars and cents.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; affirmed.

*R. H. Dudley* and *J. F. Gautney,* for appellant.

*Hal L. Norwood,* Assistant Attorney General, for appellee.

Humphreys, J. This suit was brought in the Second Division of Pulaski County Circuit Court by appellant against appellee to compel him to issue a warrant in the sum of $13,861.42 in its favor upon the Treasury of the State, payable out of the unappropriated school funds, under authority of act No. 117 of the General Assembly of 1927. The act provided that:

"Whenever it shall be made to appear by the certificate of the treasurer of any county of this State that taxes heretofore or hereafter assessed by said Tax Commission or Tax Board for the support of any special or rural special school district in this State, or any part thereof, have been erroneously paid to and received by any other school district than that to which it was payable under such assessment, it is hereby made the duty of the State Auditor, upon the receipt of such certificate of the treasurer of any county, describing the property assessed for the benefit of any special school district or rural special school district, and the amount of taxes assessed therein, that have been erroneously paid to and received by any school district other than that to which it was properly payable, to draw his warrant on the

Treasurer of the State of Arkansas, payable to the special school district or rural special school district, for the amount of said taxes so erroneously paid. This act to apply to and cover all erroneous payments heretofore made as well as erroneous payments hereafter made. That, for the purpose of carrying out the purposes of this act, the State Treasurer shall pay said warrant out of the unappropriated school fund of the State of Arkansas.''

It was alleged, in substance, in the complaint that, for the years 1913 to 1914 inclusive, taxes in the sum of $13,861.42 were collected on properties of certain public utilities within the boundaries of appellant district for school purposes and erroneously paid to Marked Tree Special School District, and by it expended for educational purposes; that, pursuant to the provisions of said act, it obtained the required certificate of the county treasurer and presented same to appellee in order that he might draw his warrant on the State Treasury, payable to appellant, for the amount of taxes belonging to it which were erroneously paid to said Marked Tree Special School District and by it expended in conducting its school; that appellee refused to issue the warrant.

The prayer of the complaint was for a writ of mandamus commanding appellee, as Auditor of State, to issue the warrant.

Appellee filed the following demurrer, omitting caption and signature, to the complaint:

''(1) The facts alleged do not constitute a cause of action. (2) Act No. 117 of the Acts of the General Assembly of the State of Arkansas for the year 1927 is in conflict with article 16, § 11, of the Constitution, which provides that moneys arising from a tax levied for one purpose shall not be used for any other purpose. (3) The said act does not comply with article 5, § 29, of the Constitution, which provides that 'no money should be drawn from the Treasury except in pursuance of specific appropriation made by law, the purpose of which shall be dis-

tinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents'."

The court sustained the demurrer to the complaint, and appellant refused to plead further, whereupon the court dismissed its complaint, from which is this appeal.

Act No. 117 of the General Assembly of 1927, made the basis of appellant's suit, is void for failure to make a specific appropriation out of which to pay the warrant, in accordance with article 5, § 29, of the Constitution of the State of Arkansas, which is as follows:

"No money shall be drawn from the treasury except in pursuance of specific appropriation made by law, the purpose of which shall be distinctly stated in the bill, and the maximum amount which may be drawn shall be specified in dollars and cents; and no appropriation shall be for a longer period than two years."

The only attempted appropriation of funds out of which to pay said warrant which appellant is demanding that appellee issue is contained in § 3 of said act, which is as follows:

"That, for the purpose of carrying out the provision of this act, the State Treasurer shall pay said warrant out of the unappropriated school fund of the State of Arkansas."

It will be observed that the maximum amount which may be drawn for the purpose mentioned was not specified in dollars and cents. For aught that appears, the Auditor might be required to draw warrants in unlimited amounts for the purpose mentioned. This is inhibited by the Constitution of the State. The requirement in the Constitution is that all appropriations made out of the State Treasury for a special purpose shall state the maximum amount in dollars and cents that may be drawn out for such purpose.

Having reached the conclusion that the act in question is void because indefinite as to the amount attempted to be appropriated for the purpose specified therein, it is unnecessary to decide the other interesting questions presented and ably argued by learned counsel in the case.

The judgment is affirmed.